1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ADRIAN MADRIGAL CAMARGO,                No.  2:21-cv-0192 DB P

12                    Petitioner,

13         v.                                 ORDER

14    UNKNOWN,

15                    Respondent.

16

17         Petitioner is a state prisoner proceeding pro se.  Before the court is petitioner's petition for

18    screening and petitioner's motion to proceed in forma pauperis.  Petitioner has submitted a

19    declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to

20    proceed in forma pauperis will be granted.  For the reasons set forth below, this court will dismiss

21    the petition with leave to amend.

22                                    **SCREENING**

23    **I. Legal Standards**

24         It is not clear just what sort of action petitioner is attempting to file.  However, both the

25    rules governing habeas corpus cases and the rules governing civil rights cases require this court to

26    screen petitioner's initial filing before petitioner may proceed.

27         Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary

28    review of each petition for writ of habeas corpus.  The court must dismiss a petition "[i]f it plainly

1    appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4, Rules Governing

2    § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).  With respect to civil rights

3    actions, the court is required to screen complaints brought by prisoners to determine whether they

4    sufficiently state claims under 42 U.S.C. § 1983.  28 U.S.C. § 1915A(a).  If the prisoner does not

5    do so, the court must dismiss the action.  <u>See</u> <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

6    Cir. 1984).

7    **II. Discussion**

8        Petitioner's filing is difficult to understand.  The first two pages of the filing are on a State

9    of California form.  It is entitled "Petition for Release Due to Coronavirus Pandemic."  However,

10   it is not clear petitioner is seeking release due to his risks of complications if he contracts the

11   coronavirus.

12       The last two pages of petitioner's filing are on a federal court form for civil rights actions

13   under 42 U.S.C. § 1983.  In the section for the relief sought, petitioner appears to be seeking an

14   "area" with a "door" and some sort of medical care.

15       Petitioner fails to state a claim cognizable under either 28 U.S.C. § 2254 or 42 U.S.C.

16   §1983.  Petitioner is advised that if he wishes to seek release from prison due to his risk of

17   complications from a coronavirus infection, he must submit the form entitled Petition for Release

18   Due to Coronavirus Pandemic to the appropriate state agencies.  Petitioner should pay particular

19   attention to the bottom of page two of that form.  The form advises petitioner to submit it to

20   prison officials and also submit a copy to the governor.

21       If petitioner seeks release from custody based on a challenge to his conviction or sentence,

22   he must do so through a petition for a writ of habeas corpus.  Habeas is the "exclusive remedy"

23   for inmates who seek "'immediate or speedier release'" from confinement based on a violation of

24   their constitutional rights.  <u>Skinner v. Switzer</u>, 562 U.S. 521, 533-34 (2011) (quoting <u>Wilkinson</u>

25   <u>v. Dotson</u>, 544 U.S. 74, 82 (2005)).  However, petitioner is advised that he may not contest the

26   state's denial of a request for compassionate release in federal court.  <u>Ransom v. Adams</u>, 313 F.

27   App'x 948, 949 (9th Cir. 2009) (affirming dismissal of petitioner's claim that he was entitled to

28   compassionate release because an assertion that state officials failed to follow state law is not

1    cognizable in federal court).  Petitioner is further advised that before he may file a habeas petition

2    in this court, he must exhaust any constitutional claims by raising them in the California Supreme

3    Court.  28 U.S.C. § 2254(b)(1).

4         Finally, if petitioner is challenging his medical or other treatment by prison officials, he

5    may file a civil rights complaint under 42 U.S.C. § 1983.  This court finds that a civil rights action

6    is the most likely federal action petitioner seeks to pursue.  Petitioner is advised that before filing

7    such a challenge in this court, petitioner must exhaust his administrative remedies by adhering to

8    prison grievance procedures through the highest level of review.  In addition, petitioner will be

9    required to pay a filing fee of $350.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Petitioner need not pay

10   that fee all at once.  Rather, he will be obligated to pay an initial partial filing fee and then make

11   monthly payments in the amount of twenty percent of the preceding month's income credited to

12   plaintiff's prison trust account.

13                                   **CONCLUSION**

14        For the foregoing reasons, IT IS HEREBY ORDERED that:

15        1.  Petitioner's motion to proceed in forma pauperis (ECF No. 3) is granted;

16        2.  The petition is dismissed with leave to amend within 60 days of the date of this order;

17        3.  Because it appears that the most likely federal action petitioner intends is a civil rights

18   action, the Clerk of the Court is directed to send petitioner a copy of the form for civil rights

19   actions along with this order.

20   Dated:  March 3, 2021

21

22

23   DLB:9
     DB/prisoner-habeas/cama0192.scrn lta
24                                   DEBORAH BARNES
                                     UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                          3